IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HARTFORD UNDERWRITERS INSURANCE COMPANY, et al., | ) ) ) | |
| | ) | No. 16 C 10478 |
| *Plaintiffs/Counterclaim-Defendants*, | ) | |
| | ) | Judge Virginia M. Kendall |
| v. | ) | |
| | ) | |
| GUARANTEE TRUST LIFE INSURANCE COMPANY, et al., | ) ) | |
| | ) | |
| *Defendants/Counterclaim-Plaintiffs*. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Hartford Underwriters Insurance Company and Hartford Casualty Insurance Company (collectively "Hartford") filed suit against Guarantee Trust Life Insurance Company ("GTL") and Platinum Supplemental Insurance, Inc. ("Platinum") seeking a declaratory judgment pursuant to 28 U.S.C. § 2201[1] and § 1332 that Hartford, as GTL's insurer, owes no coverage to GTL in connection to an arbitration dispute with Platinum.[2]  (Dkt. No. 1, ¶ 1.)  GTL filed a Counterclaim against Hartford alleging breach of contract (Count I) and attorney fees pursuant to 215 ILCS § 5/155 for vexatious and unreasonable delay in resolving the insurance dispute (Count II).  (Dkt. No. 12, ¶¶ 41, 46.)  GTL now moves to dismiss Hartford's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  For the reasons below, the Court denies GTL's motion to dismiss the Complaint.  [Dkt. 48.]

---

[1] "[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."
[2] Pursuant to a stipulation by the parties, the Court dismissed Platinum Supplemental Insurance, Inc. as a party and so the only remaining Defendant is GTL.  Platinum remains in the case as a party pursuant to their relative interest in the outcome.  (Dkt. Nos. 37, 42.)

**BACKGROUND**

The following facts are set forth in Hartford's Complaint unless otherwise noted and are accepted as true for the purpose of reviewing the motion to dismiss.

**I. The Insurance Policies**

GTL had two insurance policies from Hartford effective annually from January 1, 2015 through January 1, 2017: 1) a liability policy that covered liability against "Bodily Injury And Property Damage," as well as "Personal And Advertising Injury Liability;" and 2) an excess umbrella liability policy which provided additional insurance "in excess of the [HUIC policy]" as a result of "bodily injury, property damage, or personal and advertising injury." (Dkt. No. 1, ¶¶ 14-15, 17.) Included in the policies are "Definitions" and "Exclusion" sections that explain what terms such as "advertising" and "bodily injury" mean, as well as what particular activities are covered under the policies. (*Id.*) Additional exclusions added to the policies by amendment set forth the following:

> This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" for which the insured may be held liable:
>
> 1. Because of:
>    a.  Any obligation assumed by any insured; …
>        with respect to any contract or treaty of insurance, reinsured, suretyship, annuity, endowment or employment benefit plan, including applications, receipts or binders;
> …
>
> 3. Resulting from the rendering of or failure to render the following professional services:
>    a.  Advising, inspecting, reporting or making recommendations in the insured's capacity as an insurance company, consultant, broker, agent or representative thereof; …

(*Id.* ¶¶ 16, 18.) Hartford attached copies of the full policies and addendums to those policies as exhibits to its Complaint. (*Id.* ¶¶ 14, 16, 18.)

**II. The Underlying Arbitration Dispute**

GTL is a legal mutual reserve company based in Glenview, Illinois. (*Id*. ¶ 4.) Platinum is an Iowa corporation that does business within this District. (*Id*. ¶ 5.) On February 11, 2016, GTL filed its First Amended Arbitration Demand over a contract dispute with Platinum related to insurance programs "developed and marketed by Platinum," for which GTL served as the underwriter. (*Id*. Ex. A.) Platinum responded by filing a Counterclaim against GTL on May 5, 2016, seeking relief for breach of contract, tortious interference and other state common law and statutory claims. (*Id*. Ex. B.) It was this underlying arbitration dispute between GTL and Platinum that forms the basis of GTL's request made July 29, 2016, demanding that Hartford provide defense and indemnity against the arbitration Counterclaim as GTL's insurer. (*Id*. ¶ 13.)

**III. The Dispute between Hartford and GTL**

As a result of GTL's demand that Hartford defend and indemnify the Platinum Counterclaims, Hartford filed this current complaint seeking declaratory relief. (*Id*. ¶¶ 1, 19.) Specifically, Hartford asserts that it "owes no duty to defend or indemnify GTL in the Underlying Arbitration." (*Id*. ¶ 20.) Hartford's Complaint requests declarations that Hartford has no duty to defend or indemnify GTL, as well as declarations that the underlying policies do not provide coverage for various costs and obligations that GTL claims are owed by Hartford. (*Id*. at 18-27.)

**LEGAL STANDARD**

In lieu of a responsive pleading, a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The reviewing Court must accept as true all of the facts set forth in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007). In order to survive a motion to dismiss, the factual allegations set forth in the

complaint, accepted as true, must "state a claim to relief that is plausible on its face," thereby allowing "the court to draw the reasonable inference that the defendant is liable." *Park Pet Shop, Inc. v. City of Chicago*, No. 15-3711, 2017 WL 4173707, at *2 (7th Cir. Sept. 21, 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In addition to the complaint, the Court may also consider exhibits that are attached in support of the complaint that pertain to facts set forth within the pleading. *Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002).

## DISCUSSION

### I. Hartford's Claim There Was No Duty to Defend

To determine whether an insurer has a duty to defend, the Court must compare the allegations in the underlying complaint with the provisions of the insurance policy in question. *St. Paul Fire and Marine Ins. Co. v. Village of Franklin Park*, 523 F.3d 754, 756 (7th Cir. 2008). "The duty to defend is only triggered if the facts alleged in the complaint fall within, or at least within, the scope of the policy." *Id*.

The Complaint filed by Hartford discussed the terms of the policies provided to GTL. (Dkt. No. 1, ¶¶ 15, 17, Exs. H, F.) According to the Complaint, coverage included protection against "bodily injury" or "property damage," which were specifically defined in the policies, as well as "personal and advertising injury liability." (*Id*.) Additionally, the policies outlined exceptions to coverage such as limitations on coverage depending on the provision of immediate notice to Hartford of an occurrence. (*Id*.) Hartford seeks a declaratory judgment that they owed no duty to defend GTL in the underlying arbitration action against Platinum because the scope of Platinum's Counterclaim does not fall within the policies' coverage limits. *See c.f. U.S. Fidelity & Guar. Co. v. Wilkin Insulation Co.*, 144 Ill.2d 64, 73 (Ill. 1991) (where an underlying complaint alleges a theory of discovery against an insured, the insurer's duty to defend arises

even if only such theory falls within the coverage of the policy). Although GTL disagrees that the policy does not cover the underlying arbitration action, when viewing the factual allegations within the Complaint in the light most favorable to Hartford, it is plausible that the terms of the policies do not require a duty to defend GTL in the underlying arbitration action. It is therefore inappropriate to dismiss under Rule 12(b)(6) on the issue of whether Hartford had a duty to defend GTL.

## II. Hartford's Claim There Was No Duty to Indemnify

The duty to indemnify, or "reimburse (another) for a loss suffered because of a third party's or one's own act or default,"[3] is both narrower than the duty to defend and arises only "if the insured has already incurred liability in the underlying claim against it." *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill.2d 90, 128 (Ill. 1992); *see also Nat'l American Ins. Co. v. Artisan and Truckers Cas. Co.*, 796 F.3d 717, 724 (7th Cir. 2015). Generally, "a principal has a duty to indemnify the agent against expenses and other losses incurred by the agent in defending against actions brought by third parties if the agent acted with actual authority in taking the action challenged by the third party's suit." *Hollingsworth v. Perry*, 133 S.Ct. 2652, 2667 (2013) (quoting 2 Restatement § 8.14, Comment d). Viewed through the lens of a principal-agent relationship, GLT is the principal seeking indemnification from Hartford – its agent – for damages incurred during the arbitration proceeding with Platinum. Here, Hartford's Complaint provides plausible factual allegations suggesting that they never agreed – by the terms of the insurance policies – to indemnify GLT for actions such as the underlying arbitration dispute.

The two insurance policies between Hartford and GLT contain "exceptions" clauses as outlining particular areas where coverage is prohibited. (Dkt. No. 1, ¶¶ 15, 17, Exs. F, H.)

---

[3] INDEMNIFY, Black's Law Dictionary (10th ed. 2014).

Hartford's Complaint specifically identifies provisions within the addendum to the policies that further prohibit coverage in circumstances where GLT is acting as an insurer. (*Id.* ¶¶ 16, 18, Exs. G, I.) They further allege that the underlying arbitration dispute arises as a result of GLT acting as insurer. (*Id.* ¶ 27.) The problem for GLT in the context of a Rule 12(b) motion to dismiss is that Hartford does not identify any underlying resolution of a dispute that requires indemnification. Hartford's allegations within the Complaint, taken as true for the purpose of the motion to dismiss, are that the insurance policies specifically exclude indemnification on the type of claim that GLT seeks because of its dispute with Platinum. These factual assertions are enough to preclude dismissal for failure to state a claim because the Complaint does not make reference to any "liability or expense already incurred" that fall within the scope of coverage for either policy.

### III. Claim Sufficiency Based on the Pleadings

GTL argues there is no case or controversy because Hartford, as GTL's insurer, settled the underlying arbitration dispute between GTL and Platinum and so there is no claim requiring a declaratory judgment that Hartford owes a duty to defend or indemnify. (Dkt. No. 49, at 3-5.) GTL supports this theory on the basis set forth in its position paper and the memorandum in support of the motion to dismiss that Hartford settled the underlying coverage claim directly with Platinum, thereby nullifying any active case or controversy as to the duty to defend. (Dkt. No. 45, at 6-8; Dkt. No. 49; at 3-4.) Similarly, GTL points out the lack of any case or controversy as to Hartford's duty to indemnify (or not indemnify) because they have in fact indemnified GTL through a settlement with Platinum. (Dkt. No. 49, at 4-5.) Alternatively, GTL argues that Illinois law requires Hartford, as the insurer, to pay the defense costs already incurred by GTL,

as the insured, until Hartford obtains written notice that it no longer has a duty to defend. (*Id.* 49, at 3-5.)

The issue with these arguments, as pointed out by Hartford in its opposition to the motion to dismiss, is that GTL asks the Court to grant a Rule 12(b)(6) motion based on materials in the record other than the complaint itself, or in supporting documents attached to the complaint. (Dkt. No. 57, at 6.) This method is contrary to the traditional approach when ruling on Rule 12(b)(6) motions. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) (consideration of a motion to dismiss is limited to the pleadings); *See* Fed. R. Civ. P. 10(c) (written instruments attached as exhibits to a pleading are part of the pleading); *see also Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (the exception allowing 'documents attached to a motion to dismiss' is very narrow and not intended to ignore the distinction between a motion to dismiss and a motion for summary judgment). GTL asks the Court to dismiss Hartford's Complaint because the underlying dispute – the claims levied against GTL by Platinum in arbitration proceedings – is no longer a live case or controversy as proven by subsequent filings that detail how Hartford settled those claims on behalf of GTL as its insurer. (Dkt. No. 45, at 3-6.) For its part, Hartford now concedes there was a settlement, but it contests whether or not a resolution as to "all of the underlying issues" occurred because of the settlement, and also whether the details of the settlement agreement with Platinum are admissible against Hartford in this current action.

Procedurally, the position papers filed by both parties fall outside of the "four corners" of the original complaint, as well as the narrowly-construed exception of exhibits *attached to the complaint*, and so they are inadmissible when deciding a motion to dismiss. *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). GTL used the position paper, filed shortly before its second motion to dismiss in order to argue there is no existing case

or controversy because Hartford settled the underlying dispute, which warrants dismissal in the present action for failure to state a claim capable of review. However, when the Court utilizes materials outside of the pleading to decide a motion to dismiss, it must first convert the motion into a motion for summary judgment and permit applicable discovery. Fed. R. Civ. P. 12(b); *see Venture Associates Corp.*, 987 F. 2d at 431; *see also Covington v. Illinois Sec. Service, Inc.*, 269 F.3d 863 (7th Cir. 2001). On the other hand, when a party requesting a motion to dismiss relies on exhibits that are not referenced in the Complaint, the Court needn't convert the motion into one for summary judgment. *Venture Associates Corp.*, 987 F. 2d at 431. This goes to the issue before the Court: GTL argues for dismissal because subsequent filings identify a settlement of the "the Underlying Arbitration" (Dkt. No. 45, at 3-6), however it is inappropriate to rule on such an issue when there is no inclusion of the settlement in the complaint itself.

## CONCLUSION

For the reasons explained above, the Court denies GTL's motion to dismiss for failure to state a claim on the counts relating to Hartford's request for declarations that they have no duty to defend and no duty to indemnify GTL for claims against it in the underlying arbitration. [Dkt. 48.]


_____
Hon. Virginia M. Kendall
United States District Judge

Date: October 10, 2017